UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THERESA HERNE,

                              Plaintiff,

      v.                                                  Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC, and
CREDITORS INTERCHANGE
RECEIVABLE MANAGEMENT, LLC,

                              Defendants.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Theresa Herne, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Creditors Interchange Receivable Management, LLC, (hereinafter "Creditors Interchange") is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant, Mercantile Adjustment Bureau, LLC (hereinafter "Mercantile") is a limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. That the acts described herein were committed by employees of Creditors Interchange.

8. That subsequent to the commission of the acts described herein, Mercantile acquired all or substantially all of the assets of Creditors Interchange.

9. That Mercantile is responsible for the tortious conduct of Creditors Interchange alleged herein according to the terms of the agreement under which they purchased Creditors Interchange, or in the alternative, is liable under the common law doctrine of successor liability.

10. Defendants regularly attempt to collect debts alleged to be due another.

11. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

12. All references to either defendant herein shall mean the defendant or an employee of the defendant.

## IV. FACTUAL ALLEGATIONS

13. That Plaintiff co-signed on a loan for her niece through Keybank.  This debt will be referred to as "the subject debt."

14. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

15. That Plaintiff thereafter defaulted on the subject debt.

16. That upon information and belief Creditors Interchange was employed by Keybank to collect on the subject debt.

17. That in or about June of 2012, Creditors Interchange began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

18. That during the first of these aforementioned calls, Plaintiff informed Creditors Interchange that she intended to pay the subject debt, offered a settlement, but wanted a copy of her paperwork first.  Creditors Interchange then threatened Plaintiff that if she didn't pay they would commence a lawsuit against her, garnish her wages, and put a lien on her home.

19. That Creditors Interchange then in July of 2012, contacted Plaintiff's sister and stated that if Plaintiff did not pay this debt that there would be a warrant issued for her arrest.

20. That despite Creditors Interchange's statements, they had not been authorized by Keybank to pursue legal action against Plaintiff, and did not intend to do so.

21. That as a result of Creditors Interchange's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

22. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Creditors Interchange as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Creditors Interchange violated 15 U.S.C. §1692(4) by threating a warrant for arrest of Plaintiff if she did not pay the subject debt.
    B. Creditors Interchange violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(10) by using false and misleading representations when stating they would commence a law suit against Plaintiff, garnish her wages and place on lien on her home.

    C. Creditors Interchange violated 15 U.S.C. §1692f(6) by threatening to garnish Plaintiff's wages and place on lien on her home.

24. That as a result of the Creditors Interchange's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

25. That Mercantile is legally responsible for Creditors Interchange's tortious conduct described herein either by virtue of the purchase agreement between the parties, or in the alternative, under the common law doctrine of successor liability.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

  (a) Actual damages;

  (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

  (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

  (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 18, 2013

          **/s/ Seth J. Andrews** _____
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com